IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARTURO F. GARZA § | |
| Plaintiff § | |
| § | |
| VS, § | |
| § | |
| HARRIS COUNTY SHERIFF'S DEPARTMENT, § | Case Number: _____ |
| CITY OF HOUSTON, CITY OF HOUSTON § | |
| POLICE DEPARTMENT, CITY OF HOUSTON § | |
| S.W.A.T., Officer John Doe 1., Individual Capacity § | |
| and Officer John Doe 2., Individual Capacity, § | |
| Harris County Constables Department, Pct. 6. § | |
| PCT. 7., PCT. 8. § | |
| Defendants § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

A.

1. Plaintiff is Arturo Fred Garza.

2. Defendants are City of Houston, Houston Police Department, their Officers, Houston SWAT officers, Harris County Sheriffs Office, Harris County Constables Office, Pct. 6., Harris County Constables Office, Pct. 5., Officer John Doe 1., individually

**B. Jurisdiction and Venue**

3. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

4. The amount in controversy exceeds $75,000.00 excluding interest and costs.

5. Venue is under and within the United States District Court, S.D. of TX, Houston. Because all or a substantial part of the events giving rise to the claim occurred in City of Houston, Harris County, Texas

## C. PARTIES

6. Defendant the City of Houston, Texas is a municipality located in Harris County, Texas. The City of Houston operates the Houston Police Department ("H.P.D.") and Houston Police Department SWAT. The City of Houston funds and operates the H.P.D., & S.W.A.T.

7. The City of Houston, Houston Police Department, their Officers, Houston SWAT officers, may be served with citation and a copy of the lawsuit herein by and through its City Mayor, **Mayor Sylvester Turner,** City of Houston, P.O. Box 1562, Houston, TX 77251, **Phone:** 311 or 713.837.0311, **Email:** mayor@houstontx.gov or wherever he may be found.

8. Harris County Sheriffs Office may be served with process at Sheriff Ed Gonzalez at 1200 Baker Street Houston TX 77002.

9. Harris County Constables Office, Pct. 6., may be served with process through Sylvia Trevino, Constable at 5900 Canal Street, Houston, Texas 77011

10. Harris County Constables Office, Pct. 5., may be served with process through it constable.

11. Officer John Doe 1., Individual capacity and Officer John Doe 2, Iindividual capacity may be served when their identity is known.

## D. Facts

12. Based on recent recurring police misconduct cases in Houston and many other big cities around the United States, the public is becoming well aware of the trend and custom of wrongdoing being committed by those who are supposed to serve and protect. There is much negative publicity associated with police brutality incidents that are occurring regularly nationwide. This has been brought to the attention of the

public through media and social media.

13. On April 4, 2017, Defendants deprived Plaintiff of his constitutional rights by using excessive force.

14. An alleged incident occurred at the 17200 block of Patricia Lane at Patricia Manor Apartments, Houston TX.

15. A tenant had made some false allegations of an assault.

16. Afterwards like an hour later the tenants made a phone call to the apartment manager of the apartment complex. The manager then called the Harris County Constables.

17. When the Harris County Pct. 6. Constables Deputies arrived Plaintiff barricaded himself in an apartment unit and refused to come out to speak to the deputies. This is because Plaintiff was distrustful and fearful of the constable and police since they have made many killings of unarmed persons in the Houston area.

18. The Harris County Pct. 6 Constables Deputies called Houston Police Department Swat Dept. to the scene.

19. There had been negotiations conducted with loudspeakers. The Houston SWAT team members were using M16s and other Houston P.D. officers had guns drawn and the entrances and exits to Patricia Manor apartments were covered where they had surrounded the apartment complex.

20. A perimeter had been set up around the Patricia Manor apartment and they continued to negotiate with Plaintiff over a P.A. system.

21. Videos from television news stations show that they had secured the outside perimeter of the apartments grounds and that they were stationed to different areas. They were armed with M-16 rifles, a sniper with an m-16 with a scope was set on side of a vehicle, they were all wearing bullet proof vests and in the apartment area and parking

lot. They were aware of the whole apartment area where they were assigned to and familiar with the terrain, ground, plants, debris on the ground or any other obstacle that may have been there.

22. There at least 20 law enforcement personnel outside the apartment complex and they were carrying M16 and pistols and Plaintiff was not armed.

23. During this time, Plaintiff was not holding any persons as hostage and was not a danger to other persons or to himself.

24. Plaintiff told and relayed the law enforcement personnel that he was surrendering and would peacefully go into police custody.

25. Plaintiff surrendered peacefully, he had his hands up and was not actively resisting arrest or attempting to evade arrest by flight. He peacefully surrendered to authorities and at that time it was evident that he was not armed did not pose a danger to the officers or other persons.

26. All those agencys have refused to comply with Texas Open Records requests for the police reports .

27. The officers got to the area where Plaintiff was standing and they immediately noticed that there was broken bottles and broken glass on the floor.

28. Defendants used excessive force by conducting a forceful takedown and by throwing Plaintiff into a pile of broken glass and broken bottles that they knew were there before they used unreasonable and excessive force.

29. Defendants knew that by conducting such a takedown of Plaintiff into a pile of glass could result in injuries consisting of cuts or lacerations that would lead to unnecessary injuries to Plaintiff.

30. Those actions resulted in unnecessary injuries by the use of that would not have

resulted if the officer had not slammed him into the broken glass. The officer(s) conducting the forceful takedown into broken glass knew that the broken glass was there because he was in that specific area for an extended amount of time during the time that they were negotiating for the suspect to give up.

31. The law enforcement personnel, person or persons who deprived Plaintiff of his constitutional rights through the use of unreasonable and / or excessive force belonged to either City of Houston Police Department, City of Houston SWAT, Harris County Sheriffs Department, or Harris County Constables Department, PCT. 6. , PCT. 7., PCT. 8.

32. At the time that the excessive force occurred there was no immediate threat to the safety of City of Houston Police Officer, Houston P.D. S.W.A.T., Harris County Deputies or others.

33. The arresting officer intended to commit the acts in question because he knew beforehand that the glass was situated on the ground. This is because the arresting officer was aware of the outside area where the arrest was effected where he had been assigned to. He was already familiar with the terrain, ground, plants, and any debris on the ground to include glass.

34. In that particular situation it was not necessary to used the excessive and / or unreasonable force of forcefully throwing Plaintiff into a pile of broken glass on the ground. The action and /or amount of force that included being body slammed and thrown hard and forcefully into a pile of broken glass that was on the ground was unreasonable. It was foreseeable that with such action Plaintiff would suffer injuries such as cuts or lacerations.

35. Plaintiff did not commit any aggressive actions that were against the law during the

arrest such as resisting arrest or assaulting any officers. Such excessive force was not in response to any actions that may have been made by Plaintiff during the arrest.

36. The amount of force used to effect the arrest was excessive under the circumstances at the time that the arrest was made.

37. The Defendant committed a body slam or body throw of Plaintiff into a pile of broken bottles and broken glass. Such actions caused for Plaintiffs carotid to be severed. Also for his lung to punctured.

38. Using unreasonable force or excessive force during arrests, is a "custom". It is a persistent, widespread practice of Houston P.D. and Houston SWAT officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents City of Houston policy.

39. City of Houston and their governing body and the Mayor, counsel members, Chief of Police that have policymaking authority knew of the custom or should have known about the custom.

**40. The Excessive force caused for Plaintiff to suffer injuries.**

41. The injuries complained of occurred directly and only from the use of the police officer's excessive force. Such injuries included: a severed carotid artery in the neck area and a back injury.

42. The life threatening severed carotid injury required immediate emergency treatment by EMT's who were at the scene where they controlled the bleeding and prevented further shock. Plaintiff Arturo Fred Garza was placed on a stretcher by EMT and wheeled to the ambulance. All this time the law enforcement personnel present who had just conducted the arrest with excessive force realized the Plaintiff had suffered a life threatening injury and was provided emergency treatment by the EMTs who were

standing by.

43. Plaintiff was subsequently airlifted to Hermann Medical Center's Emergency Trauma Center where medical treatment was provided and a stent was emplaced in the carotid. There was also a collapsed lung that was treated. The full extent of the injuries will be known when the medical records are obtained.

44. Plaintiff spent approximately ten days at Hermann Medical Center in Houston TX.. At this time, Clamant is not aware of the total medicals costs incurred. Itemized medical billing has been requested. None of the medical bills have yet been paid.

45. Plaintiff will require plenty of rehabilitative treatment and will require future medical care to ensure that he does not suffer any future complications as the result of the injury.

46. Plaintiff suffered life threatening injuries. The injuries sustained are permanent injuries. The permanent injuries will most likely affect Plaintiffs future earning capacity as he might be disabled for life.

47. The City of Houston, Houston Police Department, their Officers, Houston SWAT officers, Harris County Sheriffs Office, Harris County Constables Office, Pct. 6., Harris County Constables Office, Pct. 5., were acting under color of law through their custom, usage or regulations when they violated the Fourth Amendment and 14th amendment section one by using excessive force in making the arrest on April 4, 2017.

48. The United States Constitution, 4th Amendment and 14th Amendment § 1 prohibits the use of unreasonable or excessive force while making an arrest, even when the arrest is otherwise proper.

49. Plaintiff is not sure to which agency the arresting officer belonged to. He is here

named as Officer John Doe 1. . The arresting officer used unreasonable force and excessive while acting in the color of law as law enforcement officers within the course and scope of their employment with the above named agencies.

50. The arresting officer intended to commit the acts in question because he knew beforehand that the glass was situated on the ground. This is because the arresting officer was aware of the outside area where the arrest was effected where he had been assigned to. He was already familiar with the terrain, ground, plants, and any debris on the ground to include glass.

51. In that particular situation it was not necessary to used the force of forcefully throwing Plaintiff into a pile of broken glass on the ground the amount o force that include being thrown hard and forcefully into broken glass that was on the ground was unreasonable.

52. Plaintiff did not commit any actions that were against the law during the arrest such as resisting arrest or assaulting any officers. Such excessive force was not in response to any actions that may have been made by plaintiff during the arrest.

53. The City of Houston Police Officer acting under color of law violated the Fourth Amendment by using excessive force in making the arrest on April 4, 2017. The United States Constitution, 4th Amendment and 14th Amendment § 1 prohibits the use of unreasonable or excessive force while making an arrest, even when the arrest is otherwise proper.

54. Plaintiff had peacefully surrendered to authorities and at that time it was evident that he was not armed and did not pose a danger to the officers or other persons. He was not actively resisting arrest or attempting to evade arrest by flight. At that time that he peacefully surrendered to the law enforcement officers under color of law, there were no

physical injuries to Plaintiffs' body, especially to his neck area.

55. After Plaintiff was subjected to a forceful takedown and bodily throwing into a pile of broken glass, injuries resulted directly from the use of force that was excessive to the need.

56. The Constitution prohibits the use of unreasonable or excessive force while making an arrest, even when the arrest is otherwise proper. This is a deprivation of the United States Constitution 4th and 14th Amendment § 1.

57. Title 42 § 1983 provides for relief from such deprivations of constitutional rights:

58. At that time that he had peacefully surrendered to the law enforcement officers under color of law, there were no prior physical injuries to Plaintiffs' body, especially to his neck area.

59. After Plaintiff was subjected to a forceful takedown and bodily throwing into a pile of broken glass, injuries resulted directly from the use of force that was excessive to the need.

60. The Constitution prohibits the use of unreasonable or excessive force while making an arrest, even when the arrest is otherwise proper. This is a deprivation of the United States Constitution 4th and 14th Amendment § 1.

61. Title 42 § 1983 provides for relief from such deprivations of constitutional rights:

62. Defendants used unreasonable, unnecessary, and excessive force while arresting Plaintiff. The injuries suffered by plaintiff were serious and life threatening, significant and, substantial.

63. There were many eyewitnesses to these events including KSOH and other news station crews that were recording the situation and events.

64. At the time of the arrest, Defendants were acting under color of the laws and regulations

of the State of Texas and their law enforcement agency, city or department a policy, a custom, regulation or usage /customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals.

## CAUSES OF ACTION

**Count 1.    Violation of Constitutional Rights, 4th Amendment and 14th Amendment § 1., United States Constitution, Title 42 § 1983 Unreasonable and/or Excessive Force**

The paragraphs from the Facts section, 1 through 9 are incorporated as if fully set herein within this causes of action, Count 1.

65.    Title 42 § 1983 - *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,...*

66.    Plaintiff Arturo Fred Garza has a constitutional right not to be subjected to excessive force during an arrest.

67.    The amount of force used to effect the arrest was excessive under the circumstances at the time that the arrest was made.

68.    The Defendant committed a body slam or body throw of Plaintiff into a pile of broken bottles and broken glass. Such actions caused for Plaintiffs carotid to be severed. Also for his lung to punctured.

69.    The acts committed by Defendants deprived Plaintiff of his constitutional rights under the United States constitution, 4th Amendment and 14th Amendment § 1.

70.    There was only one person that the defendants had to arrest while there were about 20 police officers armed with M-16 rifles and handguns. Plaintiff had told the officers

present and relayed the information that he was surrendering after having been barricaded. After Plaintiff had relayed such information it was set that he would surrender to the law enforcement present. He had his arms above his head. Plaintiff was not actively resisting nor trying to escape.

71. At the time of the arrest Plaintiff did not pose and immediate threat to the officers or any other person.

72. The amount of force used at that time was more than what a reasonable officer would have used in making the arrest under similar circumstances. The excessive force was used by a member or more than one member of Defendants. At this time of filing this complaint Plaintiff is not sure to which Defendants' agency or Department the officers who used excessive force belonged to.

73. The law enforcement personnel, person or persons who deprived Plaintiff of his constitutional rights through the use of unreasonable and / or excessive force belonged to either City of Houston Police Department, City of Houston SWAT, Harris County Sheriffs Department, or Harris County Constables Department, PCT. 6., PCT. 7., PCT. 8.

74. At the time that the excessive force occurred there was no immediate threat to the safety of City of Houston Police Officer, Houston P.D. S.W.A.T., Harris County Sheriffs Department

75. Deputies or Harris County Constables Department Constables, Pct. 6., PCT. 7., PCT. 8..

76. Plaintiff could have very easily been arrested by placing his hands behind his back and placing the handcuffs. It was excessive and unreasonable force to body slam him into the broken bottles and broken glass because it would lead to unnecessary injury.

**Custom**

77. The constitutional violations occurred due to a custom that Defendant Houston Police, Houston SWAT officers use or have used excessive force to effect arrests on many occasions. The Mayor of Houston and other elected officials of Houston and the Police Chief who are policymakers have know of the custom of City of Houston Police Department of using unreasonable excessive force in conducting arrests or should have known of the custom since there have been many complaints and lawsuits that have been filed against City of Houston as the result of excessive force used while conducting arrests.

78. Using unreasonable force or excessive force during arrests, is a "custom" of Defendants mentioned.

79. It is a persistent, widespread practice of Houston P.D. and Houston SWAT officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents City of Houston policy.

80. City of Houston and their governing body and the Mayor, counsel members, Chief of Police that have policymaking authority knew of the custom or should have known about the custom.

81. The exercise of these established customs and /or policies deprived Plaintiff's clearly established rights under the United States Constitution, 4th Amendment and 14th Amendment º 1. to freedom from the use of unreasonable, unnecessary, and excessive force. (U.S. Const. amends. IV & XIV section 1. ).

82. Using unreasonable force or excessive force during arrests, is a "custom" or usage. It is a persistent, widespread custom and practice of the Defendnats mentined. Houston P.D. and Houston SWAT officials or employees that, although not formally adopted, is

so common and well-settled that it fairly represents City of Houston policy.

83. The defendants officials or employees that, although not formally adopted such a policy, is so common and well-settled that it fairly represents Defendants policy.

84. City of Houston and their governing body and the Mayor, counsel members, Chief of Police that have policymaking authority knew of the custom or should have known about the custom.

85. Defendants governing body and their policy makers, counsel members, that have policymaking authority knew of the custom or should have known about the custom.

86. Defendants policymakers acquiescence in a longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity custom.

87. Excessive or unreasonable force in conducting arrests was a practice that was so well-settled and widespread that the policymaking officials of the agency or municipality either knew of it or should have known of it.

88. Such custom of excessive or unreasonable force used to conduct arrests was the cause of and the moving force behind the violation of Plaintiffs 4th Amendment and 14th Amendment Section 1. rights.

### The Excessive force caused for Plaintiff to suffer injuries.

89. The injuries complained of occurred directly and only from the use of the police officer's excessive force. Such injuries included: a severed carotid artery in the neck area and a back injury.

90. The life threatening severed carotid injury required immediate emergency treatment by EMT's who were at the scene where they controlled the bleeding and prevented further shock. Plaintiff Arturo Fred Garza was placed on a stretcher by EMT and wheeled to the ambulance. All this time the Houston law enforcement personnel were

      present as the had just conducted the arrest with excessive force and then it became evident that the Clamant had suffered a life threatening injury and was provided emergency treatment by the EMTs who were standing by.

91. Plaintiff was subsequently airlifted to Hermann Medical Center's Emergency Trauma Center where medical treatment was provided and a stent was emplaced in the carotid. There was also a collapsed lung that was treated. The full extent of the injuries will be known when the medical records are obtained.

92. Clamant spent approximately ten days at Hermann Medical Center in Houston TX.. At this time, Clamant is not aware of the total medicals costs incurred. Itemized medical billing has been requested. None of the medical bills have yet been paid.

93. Plaintiff will require plenty of rehabilitative treatment and will require future medical care to ensure that he does not suffer any future complications as the result of the injury.

94. Clamant suffered life threatening injuries. The injuries sustained are permanent injuries. The permanent injuries will most likely affect Plaintiffs future earning capacity as he might be disabled for life.

95. Medical Bills and Medical Records from Hermann Medical Center in Houston Texas ARE PROVIDED AS EXHIBIT 'A".

### F. Damages

96. As a direct and proximate result of the officers use of unreasonable and / or Excessive force, Plaintiff suffered the following injuries and damages:

    a.    medical expenses in the past and future;

    b.    physical pain and suffering in the past and future;

    c.    mental anguish in the past and future;

    d.    disfigurement in the past and future;

  e.  physical impairment in the past and future; and

  f.  damage to earning capacity.

97. Plaintiff has suffered severe mental anguish flowing from the deprivations of constitutional rights and the use of excessive force. Plaintiff will be required to undergo future medical treatment for mental anguish and emotional distress.

**Nature of mental anguish**

98. Plaintiffs mental anguish is severe.

**Duration of mental anguish**

99. Plaintiff has now suffered mental anguish for at least 23 months flowing from the deprivation of his constitutional rights under the United States Constitution, 4th Amendment and 14th Amendment § 1. Plaintiff will most likely continue to suffer mental anguish in the future and will require psychological treatment.

**Permanent injuries suffered**

100. Such injuries suffered are permanent in nature and will require medical care for life.

  **COUNT 2. - Failure to adequately supervise and train its employees or personnel.**

The paragraphs from the Facts section and Count 1. are incorporated as if fully set herein within this causes of action, Count 2.

  101. Defendants adopted a policy of inadequate training and inadequate supervision, and that this policy caused the violation of Plaintiffs constitutional rights, 4th Amendment, 14th amendment section 1. To be free from excessive force during a arrest.

  102. Defendants training program was inadequate to train its employees to carry out their duties. Defendants failed adequately to supervise its employees.

  103. Defendants failure to adequately train and adequately supervise amounted to

deliberate indifference to the fact that inaction would obviously result in the violation of Plaintiffs constitutional rights, 4th Amendment, 14th Amendment Section 1. To be free from excessive force during a arrest.

104. Defendants failure to adequately train and adequately supervise proximately caused the violation of Plaintiffs constitutional rights, 4th Amendment, 14th amendment section 1. To be free from excessive force during a arrest.

### G. Punitive Damages

105. The conduct of the officer (s) demonstrated conscious indifference toward the rights of plaintiff. The intentional, malicious, and willful nature of such conduct by defendant, and the conscious disregard of plaintiff's rights and welfare supports the imposition of punitive damages.

### H. Attorney Fees

106. It will be necessary for plaintiff to hire an attorney to prosecute this lawsuit. Upon judgment, plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1983.

### I. Prayer

107. For these reasons, plaintiff asks for judgment against defendants for
    a. Actual damages;
    b. Nominal Damages
    c. Punitive damages;
    d. Prejudgment and post-judgment interest;
    e. costs of suit, including attorney fees; and
    f. all other relief the court deems appropriate.

### JURY DEMAND

Respectfully Submitted,

_____
Arturo Fred Garza
P.O. Box 972

Pharr TX 78577
Plaintiff, Pro Se
(956) 328-4875